1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

VICK LAW GROUP, APC
  Scott Vick (SBN 171944)
301 N. Lake Avenue, Suite 1000
Pasadena, CA 91101
Telephone: (213) 784-6225
E-mail: Scott@vicklawgroup.com

HILL, KERTSCHER & WHARTON, LLP
  Steven G. Hill (*Pro Hac Vice to be filed*)
3625 Cumberland Blvd. SE, Suite 1050
Atlanta, GA  30339
Telephone: (770) 953-0995
E-Mail:     SGH@hkw-law.com

*Attorneys for Plaintiff*
*Speculative Product Design, LLC*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| **SPECULATIVE PRODUCT DESIGN, LLC,**<br><br>               Plaintiff,<br><br>    vs.<br><br>**URBAN ARMOR GEAR, LLC,**<br><br>            Defendant. | Case No. 8:22-cv-00365<br><br>**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

**CASE NO. 8:22-cv-00365**

1      1.     This is an action for patent infringement under 35 U.S.C. § 271, *et seq.*, by Speculative Product Design, LLC ("SPD" or "Plaintiff") against Urban Armor Gear, LLC ("UAG" or "Defendant"). The action is for infringement of United States Patent No. 8,780,535 (the "535 Patent," a true and correct copy is attached as **Exhibit A**).

### THE PARTIES

2.     SPD is a limited liability company formed under the laws of California with its registered office address located in San Mateo, California.

3.     SPD is the named assignee of, owns all right, title and interest in, and has standing to sue for infringement of the 535 Patent, issued July 15, 2014. The 535 Patent is titled "Case for Enclosing and Remaining Attached to a Tablet-Computing Device." SPD is entitled to collect damages for past, present and future infringement of the 535 Patent.

4.     Upon information and belief, UAG is a limited liability company formed under the laws of California with its headquarters located in Santa Ana, California, and is registered to do business in California with a registered agent of CSC - Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, California, 95833.

5.     UAG has made, imported, marketed and sold cases for tablet computing devices products globally, including in the United States, including the Metropolis Series Tablet Case for IPAD 6th Generation and IPAD 7th Generation. These products are collectively referred to herein as the "Infringing Products."

6.     UAG sells the Infringing Products in the United States through retail and e-commerce channels (*e.g.*, Target, Walmart) physically located in this judicial district, as well as sells and markets its Infringing Products in this State and in this judicial district through various interactive web sites, such as Amazon.com and https://www.urbanarmorgear.com/.

7.    The Infringing Products feature the UAG logo which identifies UAG as the manufacturer and responsible party.

8.    For example, UAG offers the Infringing Products for sale on its own website, urbanarmorgear.com:



https://www.urbanarmorgear.com/products/metropolis-series-ipad-mini-6th-gen-2021-case.

9.    By way of further example, UAG allows amazon.com to offer the Infringing Products for sale:



1  https://www.amazon.com/Metropolis-Feather-Light-Rugged-MIDNIGHT-

2  Military/dp/B08XM9FG55/ref=sr_1_3?crid=2B9NOXHNNT2GY&keywords=urb

3  an%2Barmor%2Bgear%2Bmetropolis%2Bipad&qid=1640102971&sprefix=urban

4  %2Barmor%2Bgear%2Bmetropolis%2Bipad%2Caps%2C119&sr=8-3&th=1.

5       10.   By way of further example, UAG allows Target.com to offer the

6  Infringing Products for sale:



16  https://www.target.com/p/urban-armor-gear-uag-apple-ipad-10-2-inch-7th-8th-

17  gen-2019-2020-metropolis-case/-/A-84967922?preselect=80179006#lnk=sametab.

18  **PERSONAL JURISDICTION AND VENUE**

19       11.   This is an action for infringement of a United States patent arising under

20  35 U.S.C. §§ 271, 281, and 284-85, among others. This Court has subject matter

21  jurisdiction of the action under 28 U.S.C. §§ 1331 and 1338(a).

22       12.   UAG has availed itself of the privilege of doing business in California,

23  including in this judicial district. Upon information and belief, UAG has a regular

24  and established places of business in California, including within this judicial

25  district. UAG has committed acts within this judicial district giving rise to this action

26  and has established minimum contacts with this forum such that the exercise of

27  jurisdiction over UAG would not offend traditional notions of fair play and

28  substantial justice.

13.     Venue is proper pursuant to 28 U.S.C. §§ 1391 and 1400(b) because UAG has committed acts of infringement of the 535 Patent by making, using, offering for sale and/or selling Infringing Products in this judicial district, where it is  located and where it has at least one regular and established place of business.

## COUNT I
### (Infringement of the 535 Patent)

14.     Count I incorporates the contents of the preceding paragraphs 1-13 as if restated fully herein.

15.     The 535 Patent is valid and enforceable.

16.     UAG directly infringes at least Claim 1 of the 535 Patent, as detailed herein.

17.     UAG makes, uses, imports into, sells and offers for sale the Infringing Products in the United States, including the Metropolis Series Tablet Case for IPAD 6th Generation and IPAD 7th Generation. Unless otherwise noted, these varieties each possess the same features, functions and components described herein with respect to the 535 Patent.

18.     Claim 1 of the 535 Patent reads as follows (with claim element designators added in bold):

**[1P]** A case for enclosing and remaining attached to a tablet-computing device comprising:

**[1A]** a rigid inner portion shaped to accept and retain the tablet-computing device when inserted therein; and

**[1B]** an outer portion attached to the rigid inner portion, the outer portion including a first section and a second section,

**[1C]** the first section being attached to and shaped to cover a backside of the rigid inner portion,

**[1D]** the second section being shaped to cover the inserted tablet-computing device and connected to the first section via a flexible junction,

**[1E]** wherein the rigid inner portion is attached to the first section via a flexible junction,

**[1F]** the second section includes a retaining mechanism, and

**[1G]** the rigid inner portion includes an attachment mechanism for attaching to the retaining mechanism

**[1H]** thereby elevating the tablet-computing device at an angled position relative to a planar position and maintaining the tablet-computing device at the angled position.

19.    Referring to the preamble **[1P]** of Claim 1, the Infringing Products are cases "for enclosing and remaining attached to a tablet-computing device," as demonstrated in the following true and accurate photographs:



The UAG Metropolis Series case encloses and remains attached to a tablet-computing device.

20.    Regarding element **[1A]** of Claim 1, the Infringing Products include "a rigid inner portion shaped to accept and retain the tablet-computing device when inserted therein," as demonstrated in the following true and accurate photographs:

1
2
3
4
5
6
7
8
9
10



The UAG Metropolis Series has a rigid portion

It is shaped to accept and retain the tablet-computing device when inserted therein

11      21.      Regarding element **[1B]** of Claim 1, the Infringing Products include "an
12   outer portion attached to the rigid inner portion, the outer portion including a first
13   section and a second section," as demonstrated in the following true and accurate
14   photograph:

15
16
17
18
19
20
21
22
23
24
25
26
27
28



an outer portion attached to the rigid inner portion

the outer portion including a first section and a second section

22.    Regarding element **[1C]** of Claim 1, the Infringing Products include "the first section being attached to and shaped to cover a backside of the rigid inner portion," as demonstrated in photographs in the preceding paragraph.

23.    Regarding element **[1D]** of Claim 1, the Infringing Products include "the second section being shaped to cover the inserted tablet-computing device and connected to the first section via a flexible junction," as demonstrated in the following true and accurate photographs:



24.    Regarding element **[1E]** of Claim 1, the Infringing Products include features "wherein the rigid inner portion is attached to the first section via a flexible junction," as demonstrated in the following true and accurate photographs:

1
2
3
4
5



the rigid inner portion is attached to the first section via a flexible junction (6th Gen IPAD)

6
7
8
9
10



the rigid inner portion is attached to the first section via a flexible junction (7th Gen IPAD)

11    25.    Regarding element **[1F]** of Claim 1, in the Infringing Products, "the

12    second section includes a retaining mechanism," as demonstrated in the following

13    true and accurate photograph:

14
15
16
17
18
19
20
21
22



the second section includes a retaining mechanism (show here, grooves)

23    26.    Regarding element **[1G]** of Claim 1, in the Infringing Products, "the

24    rigid inner portion includes an attachment mechanism for attaching to the retaining

25    mechanism," as demonstrated in the following true and accurate photographs:

26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13

rigid portion
includes an
attachment
mechanism

for attaching to
the retaining
mechanism



14    27.    Regarding element **[1H]** of Claim 1, the Infringing Products include

15  features for "thereby elevating the tablet-computing device at an angled position

16  relative to a planar position and maintaining the tablet-computing device at the

17  angled position," as demonstrated in the following true and accurate photograph:

18
19
20
21
22
23
24
25
26
27
28

When the
attachment
mechanism is fit
into the retaining
mechanism, the
tablet is elevated
in an angled
position relative
to a planar
position and
maintaining the
tablet-computing
device at the
angled position.



28. Because all elements of at least one claim of the 535 Patent are present in each of the Infringing Products, either literally or under the doctrine of equivalents, UAG's past and present manufacture, importation, use, sales and offers for sale of the Infringing Products in the United States, as well as its support and encouragement of others to do the same, infringe at least independent Claim 1 of the 535 Patent.

29. SPD has been and continues to be damaged by UAG's infringement of the 535 Patent.

30. By reason of the above-described acts of infringement, SPD is entitled to an award of substantial damages in an amount to be determined at trial, including, at a minimum, its lost profits and/or damages in the amount of no less than a reasonable royalty, or both.

31. Defendants' continued infringement of the '223 Patent causes harm to Plaintiffs in the form of price erosion, loss of goodwill, and loss of business opportunities. Monetary damages are insufficient to compensate Plaintiffs for these harms. Accordingly, SPD is entitled to injunctive relief barring UAG from continuing to sell and offer for sale the Infringing Products.

**PRAYER FOR RELIEF**

WHEREFORE, SPD respectfully requests the Court to enter judgment as follows:

A. That Defendant has infringed the 535 Patent;

B. That Defendant is ordered to pay damages adequate to compensate SPD for its infringement of the 535 Patent, but in no event less than a reasonable royalty, together with pre-judgment and post-judgment interest thereon, as allowed by 35 U.S.C. § 284;

C. That Defendant is ordered to account for any post-verdict infringement and pay no less than a reasonable royalty, together with interest, thereon;

1        D.    That SPD be granted such other and additional relief as the Court deems

2    just and proper.

3      DATED: March 8, 2022          Respectfully submitted,

4

5                                   By:   */s/  Scott Vick*

6                                   VICK LAW GROUP, APC
                                 Scott Vick (SBN 171944)

7                                     Scott@vicklawgroup.com
                           301 N. Lake Avenue, Suite 1000

8                               Pasadena, CA 91101
                           Telephone: (213) 784-6225

9                               E-mail: scott@vicklawgroup.com

10                              *-and-*

11                              HILL, KERTSCHER & WHARTON, LLP

12                              Steven G. Hill
                             *Application for pro hac vice admission to*

13                            *be filed*
                           One Overton Park

14                              3625 Cumberland Blvd. SE, Suite 1050

15                            Atlanta, GA  30339
                           Telephone: (770) 953-0995

16                            Fax: (770) 953-1358
                         E-mail: SGH@hkw-law.com

17

18                            *Attorneys for Plaintiff*
                         *Speculative Product Design, LLC*

19

20

21

22

23

24

25

26

27

28

## JURY DEMAND

SPD hereby demands a jury trial as to all issues so triable.

DATED: March 8, 2022    Respectfully submitted,


By: */s/  Scott Vick*

VICK LAW GROUP, APC
 Scott Vick (SBN 171944)
 Scott@vicklawgroup.com
301 N. Lake Avenue, Suite 1000
Pasadena, CA 91101
Telephone: (213) 784-6225
E-mail: scott@vicklawgroup.com

*-and-*

HILL, KERTSCHER & WHARTON, LLP
 Steven G. Hill
  *Application for pro hac vice admission to
be filed*
One Overton Park
3625 Cumberland Blvd. SE, Suite 1050
Atlanta, GA  30339
Telephone: (770) 953-0995
Fax: (770) 953-1358
E-mail: SGH@hkw-law.com

*Attorneys for Plaintiff
Speculative Product Design, LLC*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**COMPLAINT FOR PATENT
INFRINGEMENT**    12    **CASE NO. 8:22-cv-00365**