Lauren J. Schweitzer (SBN 301654)
lauren.schweitzer@kirkland.com
KIRKLAND & ELLIS LLP
555 South Flower Street
Los Angeles, CA 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

Russell E. Levine, P.C. (*pro hac vice*)
russell.levine@kirkland.com
Kourtney Baltzer (*pro hac vice*)
kourtney.baltzer@kirkland.com
Tareq M. Alosh (*pro hac vice*)
tareq.alosh@kirkland.com
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654

Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Attorneys for Defendant
Urban Armor Gear, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| SPECULATIVE PRODUCT DESIGN, LLC, <br><br>Plaintiff,<br><br>v.<br><br>URBAN ARMOR GEAR, LLC,<br><br>Defendant. | CASE NO. 8:22-cv-00365-FWS-JDE <br><br>**DEFENDANT URBAN ARMOR GEAR, LLC'S ANSWER, DEFENSES, AND COUNTERCLAIMS**<br><br>**JURY TRIAL DEMANDED** |

Defendant Urban Armor Gear, LLC ("UAG" or "Defendant"), by and through its undersigned counsel, submits its Answer to the Complaint of Speculative Product Design, LLC ("SPD" or "Plaintiff"). UAG denies that it infringes or has infringed any valid, enforceable, and properly construed claims of U.S. Patent No. 8,780,535 B1 (the "'535 Patent" or "Patent-in-Suit"), denies that there is any basis for this suit, denies that Plaintiff is entitled to any relief, and denies all allegations not specifically admitted in this Answer. UAG additionally submits its Defenses and Counterclaims against Plaintiff. In particular, UAG seeks a judgment denying and dismissing Plaintiff's claim against UAG with prejudice and declaring the Patent-in-Suit invalid and/or not infringed. UAG also brings counterclaims seeking declaratory relief of non-infringement and invalidity of the '535 Patent. UAG further seeks an order finding this an exceptional case under 35 U.S.C. § 285, and awarding UAG its attorneys' fees, expenses, and costs in defending this action. This Court has subject matter jurisdiction over UAG's Counterclaims pursuant to federal question jurisdiction, 28 U.S.C. §§ 1331 and 1338(a); the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02; and the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*

1. UAG admits that the Complaint purports to allege a civil action for infringement of the '535 Patent under 35 U.S.C. § 271, *et seq.* UAG admits that what purports to be a copy of the '535 Patent is attached to the Complaint as Exhibit A. UAG denies that it has committed any acts of patent infringement.

## PARTIES

2. UAG admits that Plaintiff has asserted that it is a limited liability company formed under the laws of California with its registered office address in San Mateo, California. UAG lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 2 of the Complaint and, therefore, denies them.

3. UAG admits that the '535 Patent was issued by the United States Patent Office on July 15, 2014. UAG admits that the face of the '535 Patent lists "Case for

Enclosing and Remaining Attached to a Tablet-Computing Device" as the title. UAG denies that it is infringing or has infringed the '535 Patent. UAG further denies that Plaintiff is entitled to any relief from UAG. UAG lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 3 of the Complaint and, therefore, denies them.

4. UAG admits that it is a limited liability company formed under the laws of California and has headquarters in California. UAG also admits that it is registered to do business in California with a registered agent of CSC – Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, California, 95833. UAG denies any remaining allegations in paragraph 4 of the Complaint.

5. UAG admits that it has imported, marketed and sold cases for tablet computing devices products globally, including in the United States, including the Metropolis Series Tablet Case for IPAD 6th Generation and IPAD 7th Generation. UAG denies that any of its products infringe any claim of the '535 Patent, and further denies any remaining allegations of paragraph 5 of the Complaint.

6. UAG admits that it sells products through retail and e-commerce channels, located in this judicial district and the state of California, as well as through websites. UAG denies that any of its products infringe any claim of the '535 Patent, and further denies any remaining allegations of paragraph 6 of the Complaint.

7. UAG admits that at least some of its products feature the UAG logo. UAG denies that any of its product infringe any claim of the '535 Patent, denies that it is a "responsible party," and further denies any remaining allegations of paragraph 7 of the Complaint.

8. UAG admits that it offers products for sale on its website. UAG denies that any of its products infringe any claim of the '535 Patent, and further denies any remaining allegations of paragraph 8 of the Complaint.

9. UAG admits that at least one of its products is sold on amazon.com. UAG denies that any of its products infringe any claim of the '535 Patent, and further denies any remaining allegations of paragraph 9 of the Complaint.

10. UAG admits that at least one of its products is sold on target.com. UAG denies that any of its products infringe any claim of the '535 Patent, and further denies any remaining allegations of paragraph 10 of the Complaint.

## PERSONAL JURISDICTION AND VENUE

11. UAG admits that the Complaint purports to allege a civil action for infringement of a United States patent arising under 35 U.S.C. §§ 271, 281, and 284–85. UAG admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). UAG denies that it has infringed any claim of the '535 Patent, and further denies any remaining allegations of paragraph 11 of the Complaint.

12. UAG admits that it has done business in California, including in this judicial district. UAG admits that it has a regular and established place of business in California, including within this judicial district, and admits that this Court has personal jurisdiction over UAG. UAG denies that it has committed any acts of infringement of the '535 Patent, and further denies any remaining allegations of paragraph 12 of the Complaint.

13. UAG admits that venue in this judicial district is proper. UAG further admits that it has a regular and established place of business in this judicial district. UAG denies that it has committed any acts of infringement of the '535 Patent, and further denies any remaining allegations of paragraph 13 of the Complaint.

## COUNT I

### (Alleged Infringement of the '535 Patent)

14. UAG incorporates by reference as if fully set forth herein the answers contained in paragraphs 1 through 13, above.

15. UAG denies the allegations in paragraph 15 of the Complaint.

16. UAG denies the allegations in paragraph 16 of the Complaint.

17. UAG admits that it imports, sells, and offers for sale products in the United States, including the Metropolis Series Tablet Case for IPAD 6th Generation and IPAD 7th Generation. UAG denies that it has infringed any claim of the '535 Patent, and further denies any remaining allegations of paragraph 17 of the Complaint.

18. UAG admits that claim 1 of the '535 Patent recites the language in paragraph 18 of the Complaint.

19. UAG denies the allegations in paragraph 19 of the Complaint.

20. UAG denies the allegations in paragraph 20 of the Complaint.

21. UAG denies the allegations in paragraph 21 of the Complaint.

22. UAG denies the allegations in paragraph 22 of the Complaint.

23. UAG denies the allegations in paragraph 23 of the Complaint.

24. UAG denies the allegations in paragraph 24 of the Complaint.

25. UAG denies the allegations in paragraph 25 of the Complaint.

26. UAG denies the allegations in paragraph 26 of the Complaint.

27. UAG denies the allegations in paragraph 27 of the Complaint.

28. UAG denies the allegations in paragraph 28 of the Complaint.

29. UAG denies that it has infringed the '535 Patent, denies that it has damaged Plaintiff, and further denies any remaining allegations in paragraph 29 of the Complaint.

30. UAG denies that Plaintiff is entitled to any relief, including damages, and further denies the remaining allegations of paragraph 30 of the Complaint.

31. UAG denies that it has infringed the '535 Patent, denies that it has infringed any "'223 Patent," denies that Plaintiff is entitled to any relief, and further denies any remaining allegations of paragraph 31 of the Complaint.

# ANSWER TO PLAINTIFF'S PRAYER FOR RELIEF

UAG denies that Plaintiff is entitled to any judgment or relief, legal or equitable, and specifically denies that Plaintiff is entitled to any relief requested in each of subparagraphs "A" to "D" of its Prayer for Relief.

# GENERAL DENIAL

Except as expressly admitted herein, UAG denies each allegation contained in the Complaint.

In further response to the Complaint, UAG alleges as follows:

# UAG'S DEFENSES

UAG alleges and asserts the following defenses in response to the allegations in Plaintiff's Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law.

# FIRST DEFENSE

## (Non-Infringement of U.S. Patent 8,780,535)

32. UAG has not infringed and does not infringe any valid and enforceable claim of the '535 Patent.

33. UAG incorporates by reference the allegations set forth in paragraphs 8–14 of its Counterclaims below as if fully set forth herein.

# SECOND DEFENSE

## (Invalidity of U.S. Patent 8,780,535)

34. One or more claims of the '535 Patent are invalid for failure to satisfy one or more provisions of the patentability requirements specified in 35 U.S.C. § 101, *et seq.*, including without limitation, §§ 102, 103, and 112.

35. UAG incorporates by reference the allegations set forth in paragraphs 15–42 of its Counterclaims below as if fully set forth herein.

# THIRD DEFENSE

## (No Entitlement to Injunctive Relief)

36. Plaintiff is not entitled to injunctive relief against UAG because any alleged injury to Plaintiff as a result of UAG's alleged activities is not immediate or irreparable, and Plaintiff has an adequate remedy at law. Furthermore, the balance of hardships favors UAG, and an injunction against UAG would harm the public interest.

## FOURTH DEFENSE

### (Statutory Limitations on Damages and Costs)

37. Plaintiff's claims for damages and costs are limited by 35 U.S.C. §§ 286, 287, and/or 288.

## OTHER DEFENSES

38. UAG's investigation is ongoing and UAG has not yet obtained discovery from Plaintiff or third parties. UAG reserves the right to amend its Answer to include other defenses that UAG may learn of during the course of its investigation and after obtaining discovery from Plaintiff and third parties.

## UAG'S COUNTERCLAIMS

1. UAG asserts the following Counterclaims against Plaintiff, demands a jury trial, and alleges as follows:

## NATURE OF COUNTERCLAIMS

2. UAG brings this action for declaratory judgment of non-infringement and invalidity of U.S. Patent No. 8,780,535 (the "'535 Patent"), arising under the parent laws of the United States, 35 U.S.C. § 1, *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*

3. Plaintiff alleges that it owns the '535 Patent, possessing the entire right, title, and interest in the '535 Patent, and that UAG infringes the '535 Patent. UAG denies that it infringes or has infringed any valid, enforceable, and properly construed claim of the '535 Patent. There is an actual justiciable controversy between UAG and Plaintiff concerning the non-infringement and invalidity of the '535 Patent.

# PARTIES

4. UAG is a limited liability company formed under the laws of California and having its headquarters located at 1601 Alton Parkway, Suite C, Irvine, California 92606.

5. Speculative Product Design has represented that it is a limited liability company formed under the laws of California with a registered office address located in San Mateo, California.

# JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over UAG's Counterclaims pursuant to federal question jurisdiction, 28 U.S.C. §§ 1331 and 1338(a); the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02; and the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*

7. Plaintiff has consented to personal jurisdiction and venue in this judicial district with respect to these Counterclaims by voluntarily appearing before this Court and filing its Complaint against UAG here.

# FIRST COUNTERCLAIM
**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,780,535)**

8. UAG repeats and re-alleges the allegations of the preceding Paragraphs 1–7 of these Counterclaims as if fully set forth herein.

9. Plaintiff contends that it is the owner of the '535 Patent. Plaintiff has sued UAG in the present action, alleging infringement of the '535 Patent.

10. UAG is not infringing, and has not infringed, any valid and enforceable claim of the '535 Patent.

11. For example, the accused products, including Metropolis Series Tablet Case for iPad 6th Generation and iPad 7th Generation, do not contain a "first section . . . attached to and shaped to cover a backside of [a] rigid inner portion," as properly

construed in the '535 Patent. This limitation is not present in the accused products, including Metropolis Series Tablet Case for iPad 6th Generation and iPad 7th Generation, because they do not have any first section attached to and shaped to cover a backside of a rigid inner portion of a case.

12. As another example, the accused products, including Metropolis Series Tablet Case for iPad 6th Generation and iPad 7th Generation, do not contain a "rigid inner portion [which] includes an attachment mechanism for attaching to [a] retaining mechanism," as properly construed in the '535 Patent. This limitation, which is required by all claims asserted against UAG, is not present in the accused products, including Metropolis Series Tablet Case for iPad 6th Generation and iPad 7th Generation, because they do not have any attachment mechanism included on a rigid inner portion for attaching to a retaining mechanism.

13. Thus, an immediate, real, and justiciable controversy exists between Plaintiff, on the one hand, and UAG, on the other, with respect to the alleged infringement of the '535 Patent.

14. UAG is entitled to a declaratory judgment that it has not and does not infringe any valid and enforceable claim of the '535 Patent.

## SECOND COUNTERCLAIM
**(Declaratory Judgment of Invalidity of U.S. Patent No. 8,780,535)**

15. UAG repeats and re-alleges the allegations of the preceding Paragraphs 1–14 of these Counterclaims as if fully set forth herein.

16. Plaintiff contends that it is the owner of the '535 Patent. Plaintiff has sued UAG in the present action, alleging infringement of the '535 Patent.

17. UAG denies that the '535 Patent is valid and asserts that the claims of the '535 Patent are invalid for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including, without limitation, Sections 102, 103, and/or 112.

18. Plaintiff's Complaint alleges infringement with respect to "at least Claim 1 of the 535 Patent."

19. Claim 1 of the '535 Patent is invalid under 35 U.S.C. §§ 102 and/or 103 for anticipation and/or obviousness based at least on the following exemplary references:

    a. U.S. Patent Application Pre-Grant Publication No. 2008/0302687 ("Sirichai"), published on December 11, 2008;

    b. U.S. Patent No. 7,281,698 ("Patterson"), published on October 16, 2007;

    c. U.S. Patent No. 6,763,942 ("Yeh"), published on July 20, 2004;

    d. U.S. Patent No. 5,887,723 ("Myles"), published on March 30, 1999;

    e. U.S. Patent No. 5,445,266 ("Prete"), published on August 29, 1995.

20. Claim 1 of the '535 Patent claims: "[a] case for enclosing and remaining attached to a tablet-computing device comprising:"

21. Sirichai discloses "cases for electrical devices," including cellular phones, personal digital assistants, and handheld computers like tablet-computing devices that enclose and remain attached to the electrical device. (Ex. 1, Sirichai at ¶¶ 1–3; Figs. 2, 4.)

22. Claim 1 of the '535 Patent also claims: "a rigid inner portion shaped to accept and retain the tablet-computing device when inserted therein;"

23. Sirichai discloses a rigid inner portion "110" and "116" for holding a tablet-computing device, that includes a "stiffening layer," which a person of ordinary skill in the art would understand to be a rigid inner portion shaped to accept and retain a tablet-computing device when inserted therein. (Ex. 1, Sirichai at ¶¶ 42, 59–60, Figs. 1–2.)

24. Claim 1 of the '535 Patent also claims: "and an outer portion attached to the rigid inner portion,"

25. Sirichai discloses a "portion 122" and a "portion 132" attached to the rigid inner portion, which a person of ordinary skill in the art would understand to be an outer portion attached to the rigid inner portion. (Ex. 1, Sirichai at ¶¶ 28–29, Fig. 2.)

26. Claim 1 of the '535 Patent also claims: "the outer portion including a first section and a second section,"

27. Sirichai discloses "portion 122" and "portion 132" which a person of ordinary skill in the art would understand to be "a first section" and "a second section" of the outer portion, respectively. (Ex. 1, Sirichai at ¶¶ 28–29, Fig. 2.)

28. Claim 1 of the '535 Patent also claims: "the first section being attached to and shaped to cover a backside of the rigid inner portion,"

29. Sirichai discloses the first section, "portion 122," is attached to and shaped to cover a backside of the rigid inner portion as shown in Fig. 3 of Sirichai. (Ex. 1, Sirichai at ¶¶ 27–28, 35, Fig. 3.)

30. Claim 1 of the '535 Patent also claims: "the second section being shaped to cover the inserted tablet-computing device and connected to the first section via a flexible junction,"

31. Sirichai discloses the second section, "portion 132," is shaped to cover the inserted tablet-computing device, and is connected to the first section, "portion 122," via a flexible junction, "portion 131," as shown in Fig. 4. (Ex. 1, Sirichai at ¶¶ 29–31, Fig. 4.)

32. Claim 1 of the '535 Patent also claims: "wherein the rigid inner portion is attached to the first section via a flexible junction,"

33. Sirichai discloses the rigid inner portion is attached to the first section, "portion 122," via a flexible junction, "portion 121," as shown in Fig. 2. (Ex. 1, Sirichai at ¶¶ 27–28, Fig. 2.)

34. Claim 1 of the '535 Patent also claims: "the second section includes a retaining mechanism,"

35. Sirichai discloses that the second section, "portion 132," includes one or more "ribs," which a person of ordinary skill in the art would understand to be a retaining mechanism. (Ex. 1, Sirichai at ¶¶ 38–39, Fig. 2.)

36. Claim 1 of the '535 Patent also claims: "and the rigid inner portion includes an attachment mechanism for attaching to the retaining mechanism"

37. Sirichai discloses the retaining mechanism "at least partially support[s]" a "bottom surface 111" of the rigid inner portion, which a person of ordinary skill in the art would understand to be an attachment mechanism under at least Plaintiff's interpretation of this claim element. (Ex. 1, Sirichai at ¶¶ 38–42, Figs. 2–3.)

38. Claim 1 of the '535 Patent also claims: "thereby elevating the tablet-computing device at an angled position relative to a planar position and maintaining the tablet-computing device at the angled position."

39. Sirichai discloses that the attachment mechanism attaches to the retaining mechanism to elevate and support the tablet-computing device within the case at variable, "non-zero angle[s]," which a person of ordinary skill in the art would understand elevates the tablet-computing device at an angled position relative to a planar position and maintains the device at the angled position.. (Ex. 1, Sirichai at ¶¶ 38–39, Figs. 2–3.)

40. Claim 1 of the '535 Patent is invalid under 35 U.S.C. § 112 at least because the term "cover" is indefinite. In addition, the '535 Patent's written description does not support the breadth of the claims, as least as asserted in Plaintiff's Complaint.

41. Thus, an immediate, real, and justiciable controversy exists between Plaintiff, on one hand, and UAG, on the other, with respect to the alleged validity of the '535 Patent.

42. UAG is entitled to a declaratory judgment that the claims of the '535 Patent are invalid.

## RELIEF REQUESTED

WHEREFORE, UAG respectfully requests the following relief:

A. A judgment denying and dismissing Plaintiff's claim against UAG with prejudice and denying Plaintiff's request for damages and injunctive relief;

B. A declaration that UAG has not infringed, and does not infringe, any valid, enforceable, and properly construed claim of the '535 Patent;

C. A declaration that the '535 Patent is invalid;

D. An order finding that this case is an exceptional case under 35 U.S.C. § 285 and awarding UAG its reasonable attorneys' fees, expenses, and costs in connection with this action;

E. Any other equitable and legal relief that this Court may deem just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, UAG demands a trial by jury on all issues properly triable to a jury.

| | | |
|---|---|---|
| **Dated:** April 29, 2022 | By: | */s/ Lauren J. Schweitzer* |

Lauren J. Schweitzer (SBN 301654)
lauren.schweitzer@kirkland.com
Kirkland & Ellis LLP
555 South Flower Street
Los Angeles, CA 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

Russell E. Levine, P.C. (*pro hac vice*)
russell.levine@kirkland.com
Kourtney Baltzer (*pro hac vice*)
kourtney.baltzer@kirkland.com
Tareq M. Alosh (*pro hac vice*)
tareq.alosh@kirkland.com
Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Attorneys for Defendant
Urban Armor Gear, LLC